William L. Ghiorso, OSB No. 902706
494 State Street, Suite 300
Salem, Oregon 97301
     Phone: (503) 362-8966
     Fax: (503) 362-1158
     Email: Bill@Ghiorsolaw.com

William D. Brandt, OSB No. 720366
494 State Street, Suite 300 B
Salem, Oregon 97301
     Phone: (503) 485-4168
     Fax: (503) 364-6735
     Email: Bill@brandtlawoffices.com

     Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| STEVEN WILLIAMS JR., an individual,<br><br>                    Plaintiff,<br><br>       vs.<br><br>THE FEDERAL BUREAU OF INVESTIGATION; THREE UNKNOWN NAMED AGENTS OF THE FEDERAL BUREAU OF INVESTIGATION,<br><br>                Defendant. | Case No. _____<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

     COMES NOW, Plaintiff Steven Williams, Jr. ("Plaintiff"), by and through his attorneys

William L. Ghiorso and William D. Brandt, and for his complaint hereby alleges as follows:

Page 1 - COMPLAINT

1.

Plaintiff is a citizen and resident of Vancouver, Clark County, Washington.

2.

The Federal Bureau of Investigation is a federal law enforcement agency under the jurisdiction of the United States Department of Justice.

3.

Each of the individual Defendants described above are agents and/or employees of the Federal Bureau of Investigation ("FBI").

FACTUAL BACKGROUND

4.

On April 11, 2018, Plaintiff arrived at Portland International Airport ("PDX") in Portland, Oregon, for a flight that was scheduled to fly to Phoenix, Arizona at 1:15 PM. Plaintiff was traveling to Arizona and carrying approximately $121,940 in cash for legitimate business purposes.

5.

While Plaintiff was passing through security at PDX, agents of the Transportation and Security Administration ("TSA") observed the cash that Plaintiff was carrying in his luggage. The TSA agents permitted Plaintiff to pass through security and proceed to his boarding gate.

6.

After Plaintiff passed through security at PDX, the Federal Bureau of Investigation ("FBI") in Portland, Oregon was notified about Plaintiff and the money that Plaintiff was carrying with him.

Page 2 - COMPLAINT

7.

Plaintiff boarded his flight to Phoenix, Arizona at the scheduled time. Shortly thereafter, agents from the FBI approached Plaintiff on the plane and ordered Plaintiff to exit the plane and go back into the terminal.

8.

After exiting the plane, the FBI agents ordered Plaintiff to sit down in the public terminal surrounded by other airline passengers. The FBI agents then asked Plaintiff to explain why he was carrying the money with him, and Plaintiff informed the agents about the nature of his employment and why he was carrying the money.

9.

While the FBI agents were questioning Plaintiff, Plaintiff informed them that he had a clean criminal record, and that this was the first time he had ever interacted with law enforcement. Plaintiff was told that he was not permitted to leave for his flight.

10.

While in the terminal, the FBI agents ordered Plaintiff to give them his phone so that they could search through it, but Plaintiff refused. The FBI agents told Plaintiff that if he did not comply, the agents would handcuff him and "drag him through the airport," where they would eventually take his phone and his belongings anyway. The agents falsely told Plaintiff that it was a crime to possess the cash that he was carrying.

11.

Plaintiff continued to refuse to allow the agents to search his belongings. The FBI agents then threatened that if Plaintiff did not provide them with his phone and consent to a search of

Page 3 - COMPLAINT

his belongings, that other law enforcement officials would "raid [his] home," and take his

belongings. Fearing he had no other choice, Plaintiff handed over his phone to the FBI agents.

12.

The agents then started searching through all of Plaintiff's text messages and data. During

the search, Plaintiff repeatedly asked the agents to stop and asked to leave for his flight. Plaintiff

also told the agents that he was not guilty of any crime and that they should not be searching his

phone.

13.

Despite Plaintiff's demands to stop the search, the FBI agents continued. The FBI agents

told Plaintiff that if he did not allow them to continue searching through his phone, that they

would arrest him and detain him for several days.

14.

As the search continued, the FBI agents repeated their threats that they would "drag

[Plaintiff] through the airport," "raid [Plaintiff's] home," and "destroy [Plaintiff's] property" if

Plaintiff interfered with the FBI agent's search of Plaintiff's phone and belongings.

15.

After searching through years of text messages dating back nearly a decade, the FBI

agents informed Plaintiff that they found text messages in his phone which they believed were

related to the sale of cannabis. Plaintiff explained to the FBI agents that the text messages were

not related to any unlawful activity at all, and that the messages were from seven years ago.

Plaintiff also explained that there was no relation between the money he was carrying and the

seven year old text messages that the agents had found in Plaintiff's phone.

Page 4 - COMPLAINT

16.

Although it was clear that Plaintiff was not guilty of any unlawful activity, the FBI agents told Plaintiff that they were confiscating the $121,940 in cash that he was carrying with him. The FBI agents repeated their earlier threats to Plaintiff that they would "raid [Plaintiff's] home" and "drag [Plaintiff] through the airport" if he tried to "fight it."

17.

The FBI agents continued to falsely tell Plaintiff that it was a crime for him to carry the money with him, and that if Plaintiff did not turn it over to them, he would be arrested and detained for several days while they "raided" his home.

18.

After taking Plaintiff's money, the FBI agents told Plaintiff that he would be arrested if he attempted to fight the forfeiture in the future. The FBI agents told Plaintiff that any effort to contest the forfeiture would result in his immediate arrest, and that the police would "raid [his] home" and arrest him if he filed any law suit or action to recover his money. The FBI agents left Plaintiff in the airport after detaining him for over an hour in the terminal, and Plaintiff missed his flight to Arizona.

19.

Plaintiff was not charged with any crime following the seizure of his money. To this day, Plaintiff still has a clean criminal record, and has never been charged with a crime.

20.

Plaintiff received a notice of nonjudicial forfeiture from the FBI on June 25, 2018, which was seventy five (75) days after the forfeiture occurred.

21.

Plaintiff feared retaliation by the FBI due to the threats that they would "raid [his] home,"
"destroy [his] property," and publicly humiliate him if he sought the return of his money.

22.

Despite this fear, Plaintiff contacted the FBI through an attorney at the end of October of
2018 to request the return of his money, but the FBI informed Plaintiff that it would not be
returning his money.

23.

On November 6, 2018, Plaintiff mailed administrative claims for the recovery of his
money and for the violation of his constitutional rights to the FBI on November 6, 2018. The
claims explained the circumstances of the seizure and the grounds for Plaintiff's request for the
return of his property.

24.

The FBI responded to Plaintiff's claims in a letter dated December 11, 2018, and formally
denied both of Plaintiff's claims.

JURISDICTION

25.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1355,
28 U.S.C. § 1343, and 5 U.S.C. § 702.

VENUE

26.

Venue is proper in this district under 28 U.S.C. § 1391 because each of the defendants

Page 6 - COMPLAINT

reside in this district, and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

FIRST CLAIM FOR RELIEF:

THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

27.

Plaintiff fully incorporates by reference all the allegations above with the same force and effect as if set forth herein.

28.

The Fourth Amendment provides that:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized"

U.S. Const. amend. IV.

29.

By prohibiting "unreasonable searches and seizures," and "warrants" without "probable cause," the Constitution protects against the invasion of "personal security, personal liberty, and private property." *See Boyd v. United States*, 116 U.S. 616, 630 (1886).

30.

The individual Defendants acted under color of federal law when they ordered Plaintiff off of the plane and detained, arrested, searched, and seized Plaintiff's person and property on April 11, 2018. Defendants acted without probable cause to believe that Plaintiff was guilty of any crime. Defendants threatened Plaintiff for the purpose of coercing him into complying with

an unconstitutional search and seizure of Plaintiff's person and property.

31.

As a direct result of the unreasonable stop, arrest, search, and seizure of Plaintiff's person and property on April 11, 2018, Defendants violated Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. Defendants also violated Plaintiff's Fourth Amendment rights by committing the acts alleged herein without a warrant and without probable cause to believe that Plaintiff was guilty of a crime.

32.

As a direct result of the unconstitutional conduct alleged herein, the forfeiture of Plaintiff's property on April 11, 2018 is void, and Plaintiff has suffered damages in an amount to be proven at the time of trial but in no event less than $121,940.00.

SECOND CLAIM FOR RELIEF:

THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

Self-Incrimination Clause

33.

Plaintiff fully incorporates by reference all of the allegations above with the same force and effect as if set forth herein.

34.

The Fifth Amendment's Self-Incrimination Clause appears as follows:

"No person shall be . . . compelled in any criminal case to be a witness against himself . . ."

U.S. Const. amend. V.

Page 8 - COMPLAINT

35.

The Fifth Amendment is "liberally construed," and its protections extend to proceedings that are "quasi criminal" in nature. By compelling the production of Plaintiff's property, Defendants subjected Plaintiff to a "criminal case" as that term is used in the Fifth Amendment's Self-Incrimination Clause.

36.

The compulsory production of Plaintiff's "private books and papers . . . to forfeit his property . . . is contrary to the principles of a free government," *Boyd v. United States*, 116 U.S. 616, 631-32 (1886), and it is the equivalent of "compelling him to be a witness against himself, within the meaning of the fifth amendment to the constitution." *Id.* at 635.

37.

By seizing Plaintiff's property on April 11, 2018, and thereafter subjecting Plaintiff's property to an administrative forfeiture, Defendants violated Plaintiff's rights under the Fifth Amendment's Self-Incrimination Clause.

38.

As a direct result of the unconstitutional conduct alleged herein, the forfeiture of Plaintiff's property on April 11, 2018 is void, and Plaintiff has suffered damages in an amount to be proven at the time of trial but in no event less than $121,940.00.

////

////

////

////

THIRD CLAIM FOR RELIEF:

THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

Procedural Due Process

39.

Plaintiff fully incorporates by reference all of the allegations above with the same force and effect as if set forth herein.

40.

The Fifth Amendment's Due Process Clause states that:

"No person shall be . . . deprived of life, liberty, or property, without due process of law . . ."

U.S. Const. amend. V.

41.

"The right to prior notice and a hearing is central to the Constitution's command of due process. The purpose of this requirement is not only to ensure abstract fair play to the individual. Its purpose, more particularly, is to protect his use and possession of property from arbitrary encroachment-to minimize substantively unfair or mistaken deprivations of property . . ." *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53 (1993).

42.

As alleged above, Defendants seized Plaintiff's property without prior notice or a hearing and then commenced a nonjudicial forfeiture of Plaintiff's property under 18 U.S.C. § 983(a)(1)(A)(i). Plaintiff did not receive notice of the forfeiture until June 25, 2018, which is seventy five days after the forfeiture occurred.

Page 10 - COMPLAINT

43.

By seizing Plaintiff's property without prior notice and an opportunity to be heard, Defendants deprived Plaintiff of his rights under the Fifth Amendment's Due Process Clause.

44.

Plaintiff's Fifth Amendment procedural due process rights were also violated in the following ways:

(a)     By the nonjudicial forfeiture of Plaintiff's property under 18 U.S.C. § 983, which provides a sixty day time window for the government to provide notice of the nonjudicial forfeiture, but only a thirty five day time window for an owner contest the nonjudicial forfeiture;

(b)     By the nonjudicial forfeiture of Plaintiff's property through a proceeding that provides inadequate protections to innocent owners of property, such as placing the burden of proof on the innocent owner rather than the government; and

(c)     By the seizure and nonjudicial forfeiture of Plaintiff's property without probable cause or reasonable suspicion to believe that Plaintiff committed a crime, and by the failure to obtain a warrant prior to seizing and nonjudicially forfeiting Plaintiff's property.

45.

Defendants deprived Plaintiff of his property under color of federal law when they seized $121,940.00 from Plaintiff on April 11, 2018. Plaintiff was denied adequate notice, an adequate opportunity to be heard, and adequate procedural protections, in violation of the Due Process Clause of the Fifth Amendment.

46.

As a direct result of the unconstitutional conduct alleged herein, the forfeiture of

Plaintiff's property on April 11, 2018 is void, and Plaintiff has suffered damages in an amount to be proven at the time of trial but in no event less than $121,940.00.

FOURTH CLAIM FOR RELIEF:

THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

Takings Clause

47.

Plaintiff fully incorporates by reference all of the allegations above with the same force and effect as if set forth herein.

48.

Under the Fifth Amendment, "private property" shall not "be taken for public use" "without just compensation." U.S. Const. amend. V.

49.

As alleged above, Plaintiff was the owner of the money that was seized from him by Defendants on April 11, 2018, and had a constitutionally protected property interest in the money.

50.

Defendants seized Plaintiff's property for public use by removing the money from Plaintiff's possession and subjecting Plaintiff's property to forfeiture proceedings.

51.

As a direct result of the seizure of Plaintiff's property, Defendants must provide "just compensation" to Plaintiff under the Takings Clause of the Fifth Amendment in an amount to be determined at the time of trial but in no event less than $121,940.00.

FIFTH CLAIM FOR RELIEF:

THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION

52.

Plaintiff fully incorporates by reference all of the allegations above with the same force and effect as if set forth herein.

53.

Under the Eighth Amendment, the government's power to extract payments, impose fines, and forfeit property is limited by the Excessive Fines Clause. See U.S. Const. amend. VIII.

54.

Defendants' seizure and forfeiture of Plaintiff's property under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 983 served more than a purely remedial purpose, and instead rose, at least in part, to the level of a "punishment" that comes within the protections of the Eighth Amendment.

55.

By seizing Plaintiff's property in the manner described above, Defendants exacted a "fine" against Plaintiff which was directly paid to the government, and, therefore, subject to the Eighth Amendment's prohibition against excessive fines.

56.

The "fine" that Defendants imposed against Plaintiff in the amount of $121,940.00 is disproportionate and unconstitutionally excessive within the meaning of the Eighth Amendment's prohibition of excessive fines.

57.

As a direct result of the unconstitutional conduct alleged herein, the forfeiture of

Plaintiff's property on April 11, 2018 is void, and Plaintiff has suffered damages in an amount to be proven at the time of trial but in no event less than $121,940.00.

SIXTH CLAIM FOR RELIEF:

FEDERAL TORT CLAIMS ACT, 28 U.S.C. §§ 2671 et seq.

Conversion and Replevin

58.

Plaintiff fully incorporates by reference all of the allegations above with the same force and effect as if set forth herein.

59.

As alleged above, Plaintiff was the lawful owner and possessor of $121,940.00 in United States currency during the events described herein. As a result, Plaintiff had a protected ownership and possessory interest in the property.

60.

Defendants deprived Plaintiff of his property in the manner alleged above to the extent that Plaintiff lost all use, enjoyment, possession, custody, and control of his property as a direct result of Defendants' actions. Defendants further converted Plaintiff's property to their own use by exercising possession and control over Plaintiff's property and subjecting it to administrative forfeiture.

61.

As a direct result of Defendants' conversion of Plaintiff's property, Plaintiff has been damaged in an amount to be determined at the time of trial but in no event less than the value of Plaintiff's property, or $121,940.00.

62.

Plaintiff further seeks replevin of the property that Defendants unlawfully converted to their own use in the full amount of $121,940.00.

SEVENTH CLAIM FOR RELIEF:

DECLARATORY JUDGMENT

63.

Plaintiff fully incorporates by reference all of the allegations above with the same force and effect as if set forth herein.

64.

As alleged above, an actual and justiciable controversy exists between Plaintiff and Defendants. Plaintiff alleges that his property was not subject to forfeiture under 21 U.S.C. § 881(a)(6), but Defendants deny Plaintiff's allegations.

65.

Plaintiff has no other adequate remedy at law. A declaratory judgment that Plaintiff's property was not subject to forfeiture under 21 U.S.C. § 881(a)(6) is necessary to resolve the issues in this case.

EIGHTH CLAIM FOR RELIEF:

THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

Substantive Due Process

66.

Plaintiff fully incorporates by reference all of the allegations above with the same force and effect as if set forth herein.

Page 15 - COMPLAINT

67.

In addition to securing the "adequate procedural safeguards" that are necessary to prevent the arbitrary enforcement of the law, the Due Process Clause of the Fifth Amendment protects certain substantive rights that are "fundamental to our scheme of ordered liberty," or "deeply rooted in this Nation's history and tradition." *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 767 (2010).

68.

By depriving Plaintiff of his property in the manner described above, Defendants infringed on Plaintiff's fundamental rights as those rights are described in Plaintiff's first five claims for relief. In addition, Defendants infringed on Plaintiff's fundamental right to be free from the forfeiture of his property in the absence of any criminal conduct, charge, or conviction that would otherwise have justified such a forfeiture.

69.

As a direct result of the unconstitutional conduct alleged herein, the forfeiture of Plaintiff's property on April 11, 2018 is void, and Plaintiff has suffered damages in an amount to be proven at the time of trial but in no event less than $121,940.00.

JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all claims.

PRAYER FOR JUDGMENT

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment as follows:

1.      Declaring that the nonjudicial forfeiture of Plaintiff's property is void;

2.      Holding that Defendants' actions violation Plaintiff's rights under the Fourth,

Fifth, and Eighth Amendments to the United States Constitution;

3.      Ordering the immediate return of Plaintiff's property;

4.      Awarding Plaintiff reasonable attorney fees, litigation costs, and post-judgment

interest pursuant to 28 U.S.C. § 2465(a)(b)(1); and

5.      Awarding such other relief that the Court deems just, equitable, and proper.

DATED:   MARCH 21, 2019.

*s/ William D. Brandt*
William D. Brandt, OSB No. 720366
William D. Brandt, P.C.
495 State Street, Suite 500B
Salem, Oregon 97302
        Telephone: (503) 485-4168
        Bill@brandtlawoffices.com


*s/ William L. Ghiorso*
William L. Ghiorso, OSB No. 902706
Ghiorso Law Office
495 State Street, Suite 500
Salem, Oregon 97302
        Telephone: (503) 362-8966
        Bill@ghiorsolawoffice.com

Attorneys for Plaintiff

Page 17 - COMPLAINT